## JOHNSON *v.* STATE TAX COMMISSION

Plaintiff appearing by and through Lawrence M. Dean, Astoria, Oregon; and defendant appearing by and through Carl N. Byers, Assistant Attorney General, Salem, Oregon.

Decision for plaintiff rendered March 7, 1967.

EDWARD H. HOWELL, Judge.

Plaintiff appeals from an order of the tax commission which denied a tax exemption for certain licensed motor vehicles allegedly exempt under ORS 481.270.

Plaintiff was the owner of various unlicensed motor vehicles on January 1, 1966. These vehicles were subject to taxation as personal property under ORS

481.270(2)[1] unless they were registered and the license fees paid by March 31, 1966. Proof of the licensing, prior to the amendment of ORS 481.270, had to be filed with the county assessor before June 6 of each year. In 1965 (Or L 1965, ch 86) the legislature advanced the date for the filing of the proof of licensing from June 6 to May 15 of each year.

The county assessor's office had followed a practice of mailing the exemption forms to all car dealers, including the plaintiff, in January of each year. Three copies of the form were provided by the assessor. Two were to be delivered to the assessor's office and the third form was to be retained by the taxpayer. In small print two of the provided forms stated that they were to be delivered to the assessor's office before *May 15* and the third form stated it was to be filed before *June 6*. Without noticing the discrepancy in the date the plaintiff filed the exemption before June 6 but after May 15, the due date under the 1965 amendment. The assessor denied the exemption because of the late filing.

The plaintiff's manager and chief bookkeeper both testified that they had no knowledge of the change in the filing date, relied on the date of June 6, as stated on one copy of the form, and assumed that the filing

[1] ORS 481.270(2):

"Old or new vehicles, including house trailers, not registered and licensed under this chapter on January 1 of any year, which are being held in stock by the owner or dealer for sale or exchange, shall be reported to the county assessor by the owner and listed for ad valorem taxation but the assessor shall cancel such listing with respect to all such vehicles, except vehicles subject to taxation by ORS 481.272, upon being furnished documentary proof, not later than the date specified in subsection (4) of ORS 308.250, that the vehicles so assessed have been registered in this state and the license fees have been paid thereon not later than March 31 of the same year."

date for 1966 was the same as it had been for previous years.

The opinion and order of the tax commission denying plaintiff's appeal stated:

> "Notwithstanding that the Commission particularly regrets the necessity of finding against a taxpayer who in the eyes of the Commission, has made a good faith effort to comply with the requirements of the law based upon printed advice made available to him by a public official, there is nevertheless no way to waive the statutory requirements. *  *  *"

The plaintiff relies on the doctrine of quasi estoppel on the grounds that the plaintiff relied on the form supplied by the assessor and that the late filing was the result of the mistake and inadvertence of the assessor's office in supplying the wrong form.

■ Quasi estoppel is a doctrine extended by the courts to prevent a wrong being done " 'wherever, in good conscience and honest dealing' a party ought not to be permitted to repudiate his previous statements, declarations or actions." *Robbins v. United States,* 21 F Supp 403 (Ct Cl 1937), 20 AFTR 491, 37-2 USTC ¶ 9578. In *R. H. Stearns Co. v. U. S.,* 291 US 54, 54 S Ct 325, 78 L ed 647, 653 (1934), the court stated that the "disability has its roots in a principle more nearly ultimate than either waiver or estoppel, the principle that no one shall be permitted to found any claim upon his own inequity or take adavantage of his own wrong."

■ The doctrine of quasi estoppel against the government should be applied only in cases where the alternative is gross inequity. 19 Tax L Rev 489. The application of estoppel should be applied rarely because "the policy in favor of an efficient collection of the public revenue outweighs the policy of the estoppel

doctrine in its usual and customary context. But as long as the concept of estoppel retains any validity, it is conceivable that such situations might arise." *Schuster v. Commissioner,* 312 F2d 311 (9th Cir 1962), 11 AFTR2d 1766. See also *Smale & Robinson, Inc. v. U. S.,* 123 F Supp 457 (SD Cal 1954); *Couzens v. Commissioner,* 11 BTA 1040 (1928); 10 Mertens, *Law of Federal Income Tax,* § 60.14, 19 Tax L Rev 487.

A case fairly comparable to the instant case is *Exchange and Savings Bank of Berlin v. United States,* 226 F Supp 56 (DC Md 1964), 13 AFTR2d 1104, 66-2 USTC ¶ 9656. There the taxpayer filed claims for refunds and signed a waiver of notice of disallowance which carried a two-year statute of limitation for filing a suit for the refund. Later, the commissioner by inadvertence and contrary to the custom when a waiver was filed, gave the taxpayer a notice of disallowance which carried a two-year statute of limitation from the date of mailing of the notice. The taxpayer relied upon the latter notice and filed his suit for a refund more than two years after filing of the waiver but less than two years after the issuance of the notice of disallowance. The court found that although the taxpayer was careless in relying on the notice of disallowance, the government was estopped from asserting the statute of limitations because of its actions in giving the erroneous notice, relied upon by the taxpayer.

This court agrees that the principle of quasi estoppel should be applied only in rare instances when a gross inequity will result. This is such a case. The plaintiff had no knowledge concerning the changing of the filing date from June 6 to May 15, relied on the forms supplied by the assessor's office, and although two of the copies of the forms stated the correct date,

the other form did not. It cannot be said that plaintiff was negligent in not checking the date listed on all three copies of the form.

As the tax commission found in its order, the taxpayer acted in good faith based upon printed advice from a public official. Realizing the peculiar circumstances of this case and the inequity that would result if plaintiff's position is not sustained, it is this court's conclusion that the Clatsop County Assessor should be and is estopped from denying the exemption to the plaintiff.

No costs.