## FRIENDLY CHEVROLET *v.* STATE TAX COMMISSION

Frank M. Ieruli, Portland, Oregon, represented plaintiff.

Carl N. Byers, Assistant Attorney General, Salem, Oregon, represented defendant.

Decision for defendant rendered July 8, 1968.

EDWARD H. HOWELL, Judge.

Plaintiff appeals from the tax commission opinion and order denying it a tax exemption for licensed vehicles.

ORS 481.270 provides that unlicensed motor vehicles are subject to ad valorem taxation unless they are registered and the license fees paid by March 31. Prior to the amendment to ORS 481.270 the proof of the licensing had to be filed with the county assessor before June 6 of each year. In 1965 the legislature advanced the date for filing the proof from June 6 to May 15 of each year (Or L 1965, ch 86).

Plaintiff owned a substantial inventory of unlicensed motor vehicles on January 1, 1967, and contends that many of the vehicles had been registered and licensed prior to March 31, 1967. However, plaintiff did not file the necessary proof until May 25, 1967, which was ten days after the statutory deadline. The county assessor then levied personal property taxes against the vehicles.

The plaintiff contends that the tax commission and the assessor should be estopped from refusing its request for a cancellation of the assessment and relies upon *Johnson v. Commission,* 2 OTR 504, affirmed, 248 Or 460, 435 P2d 302 (1967).

The facts in *Johnson* are easily distinguished from plaintiff's case. In *Johnson* the assessor mailed the proof of licensing forms to the dealer and one of the forms stated that the filing date was June 6 instead of May 15. The dealer relied on and used the old form provided by the assessor resulting in a late filing. The assessor denied the exemption and this court and the Supreme Court held that the assessor was estopped under the circumstances to deny the dealer's request for a cancellation of the assessment.

In the instant case plaintiff's only basis for the application of the doctrine of quasi estoppel against the tax collecting authority is a notice posted on a bulletin board in the assessor's office. The notice, which apparently had been on the bulletin board for several years, referred to the old date of June 6 as the time for filing the required proof of licensing.

The plaintiff's office manager testified that she relied on the erroneous date on the notice and that this was the cause of the late filing. However, the evidence is to the contrary.

In 1966 the assessor sent each dealer, including plaintiff, a notice in large print calling attention to the change in the filing date from June 6 to May 15. Plaintiff knew of the change and filed its 1966 proof of licensing on May 15. Early in 1967, before the deadline, a deputy assessor personally called on most of the dealers in the Oregon City-Lake Oswego district, including the plaintiff, delivered the proof forms and called attention to the change from June 6 to May 15.

The most persuasive evidence and the best explanation of plaintiff's failure to file the notice by May 15 is contained in a letter written by the plaintiff's secretary-treasurer to the assessor. It stated:

> "We are enclosing herewith the third copy of our Supplemental Personal Property Report on unlicensed motor vehicles on hand January 1, 1967. Please accept our apology for not receiving this by May 15th, 1967. *We are in error and the report was done but due to an oversight was not mailed. We had a sudden illness in the office which hospitalized one of the girls and as a result it has been rather confusing the last two weeks.* (Emphasis supplied.)

The evidence also showed that plaintiff had four different office employees from January 1 through May 15.

■■ The evidence does not show any basis for the application of the doctrine of quasi estoppel. The plaintiff was not misled by any acts or conduct of the assessor. The plaintiff, not the assessor, was responsible for the late filing. The doctrine of quasi estoppel in tax cases should be applied only in rare instances. *Johnson v. Commission, supra.* This is not one of them.

The order of the commission is affirmed.