# LEO J. LYMP *v*. DEPT. OF REVENUE

John C. Caldwell, Hibbard, Jacobs, Caldwell & Canning, Oregon City, represented plaintiff.

G. F. Bartz, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiff rendered July 13, 1971.

CARLISLE B. ROBERTS, Judge.

Plaintiff appeals from the Department of Revenue's Order No. VL 69-372 which denied his application to have certain property in Clackamas County designated as "forest land" for the fiscal year 1968-1969 and assessed at the percentage of true cash value prescribed by ORS 321.617.

At the trial, it was orally stipulated that, except for two acres of the 317.14 acres involved (used by

the plaintiff as the site of a personal residence), the assessor would have classified the property as forest land if timely application (as that term is understood by the assessor) had been made by the plaintiff pursuant to ORS 321.618.

The plaintiff argued (1) that the application for designation as forest land was timely made or, in the alternative, (2) that the assessor was estopped to deny that the application was not timely made, pursuant to the rule of *Johnson v. Commission*, 2 OTR 504 (1967), *aff'd* 248 Or 460, 435 P2d 302 (1967).

The Western Oregon ad valorem tax on timber and forest land was substantially amended by Or L 1961, ch 659. Subsection (2) of section 7 of the 1961 Act, codified as ORS 321.635, required the owner who sought to bring himself within the provisions of the Act to file a description of each tract with the county assessor on or before January 1 of each year. The statute further provided that the owner was required to file with the county assessor a description of any additions or deletions to the tract or a statement that the tract was unchanged. If a description or statement was not filed with the assessor by January 1, then the owner's old-growth timber would be assessed at a true cash value of 30 percent of its immediate harvest value (as compared to a 25 percent assessment if particular application was made therefor and the necessary facts were shown). In practice, the assessor did not require that the "no change" filing be made annually. Amendment was made by Or L 1967, ch 543, § 2, codified as ORS 321.618 (1), first applicable to the tax year involved in the present case, 1968-1969, requiring a single application for forest land classification. The subsection reads:

"(1) An owner of land desiring that it be desig-

nated as forest land shall make application to the county assessor on or before April 1 following the assessment date on which the assessment based thereon is first desired, and he may also do so within 20 days of receipt of notice of its assessment as omitted property or notice of an increase in its assessed valuation, or by December 15 of the year of increased assessment if he does not receive such notice."

A new subsection (4) of ORS 321.618 gave to the assessor a new area of discretion, as follows:

"(4) The application shall be approved by the assessor, and he shall designate the land as forest land, *except as to land which he finds is not properly classifiable as forest land.* The application shall be deemed to have been approved unless, within three months of the date such application was delivered to the assessor, he shall notify the applicant in writing of the extent to which the application is denied." (Emphasis supplied.)

A new ORS 321.619 (1)(a) and (b) was codified from the 1967 amendment of ORS 321.620, which reads:

"(1) (a) When land has once been designated as forest land as a result of an application being filed therefor it shall be valued as such until: (A) notification by the taxpayer to the assessor to remove such designation; (B) sale or transfer to a new owner who does not make a new application as to such land within 60 days of the sale or transfer; (C) sale or transfer to an ownership making it exempt from ad valorem property taxation; or (D) removal of the designation by the assessor upon discovery that the land is no longer forest land.

"(b) Within 30 days after removal of a designation of forest land, the assessor shall so notify in writing both the taxpayer and the Department of Revenue and shall specify the reasons for the removal."

The subject land had previously been determined by the then Oregon State Tax Commission, over the objection of the assessor, to be forest land pursuant to the 1961 law; see Commission Order No. VL 66-48, dated April 21, 1966. With the new authority vested in him by subsection (4) of ORS 321.618, the assessor determined that a number of tracts, heretofore classified as forest land (including the property of the plaintiff), should be declassified as forest land and taxed in accordance with ORS 308.205 and 308.232, with an increase in value made pursuant to ratio studies in the county. The statutes referred to read as follows:

ORS 308.205:

"True cash value of all property, real and personal, means market value as of the assessment date. * * *"

ORS 308.232:

"All real or personal property within each county shall be assessed at 100 percent of its true cash value."

A long-established definition for market value is to be found in the Department of Revenue's regulation R308.205(A):

"*Market Value* as a basis for true cash value shall be taken to mean the amount of money or money's worth for which property may be exchanged within a reasonable period of time under conditions where both parties to the exchange are able, willing and reasonably well-informed."

ORS 308.280 provides for the notice to be given by the assessor to the taxpayer where there has been an increase in assessed valuation:

"(1) Whenever, in any year, the county assessor increases the assessed valuation of any

separate assessment of real property more than $400 or five percent, whichever is greater, over the assessed valuation of the preceding year, * * * the assessor shall give notice of the increase * * *.
"* * * * *

"(3) The notice with respect to real property increases shall include the valuations for the preceeding and current years, and shall be mailed not later than the first Monday in May to the person to whom the real property is assessed at the address appearing in the tax records. * * *

"(4) A taxpayer complaining of such increased assessment may petition the county board of equalization as provided in ORS 309.100. * * *"

Acting upon the requirement of ORS 308.280 to give notice upon increase in assessed valuation, the assessor, on March 19, 1968, mailed to the taxpayer three notices, one for each of the three tracts in which the plaintiff's total acreage was accounted for on the assessment rolls. The notices were addressed to "Dear Property Owner" and stated that, "The laws of the State of Oregon which govern the duties and actions of the County Assessor require that: (1) he reappraise each property at least once every six years, and (2) that he assess at 100% of its true cash value." Then followed the definition of true cash value given in ORS 308.205, with a description of the properties, the "Former Assessed Values" (totaling $6,610) and "Present Assessed Values" which totaled $67,990, only $270 of which was attributed to timber. The notice ended with the statement: "If you disagree with this value, you must contact this office before May first. No change in value can be made after this date."

Each notice was addressed to the plaintiff at his Post Office Box in Los Banos, California, and it must be presumed that they arrived in due course in the

mail. ORS 41.360 (24). Because of his absence from home at the time, the plaintiff did not actually read the notices until April 1, 1968. From the statement on the notices as above quoted, he assumed that he had until May 1 to take action and conferred with his attorney on April 15, 1968, in Oregon City. Plaintiff's attorney immediately conferred with the assessor, learned that a substantial part of the value increase was due to the declassification of the property from forest land classification to what the assessor regarded as the higher and better use and, on April 17, 1968, using the approved forms, filed applications for each of the tax lots to be classified as forest lands. On May 14, 1968, the assessor wrote to the taxpayer at his Los Banos address, with a carbon copy to the taxpayer's attorney in Oregon City, as follows:

> "Your application to have your land designated as Forest Land has been denied. It is the opinion of this office that it does not qualify for special assessment as provided by in ORS 321.605 thru ORS 321.620.
>
> "Any appeal from this decision is made directly to the State Tax Commission, with two copies filed with the County Clerk, within six months after this notice."

Thereupon, appeal was made to the Department of Revenue which issued its Order No. VL 69-372, on September 9, 1969. The petitioner relied on a theory of estoppel, based on the statement in the assessor's letter that the addressee had until prior to May 1 to discuss the problem. The department's order concludes that, since there was no timely filing of the application for forest classification required by ORS 321.618, and since such filing could not be waived, the taxpayer's appeal must be denied.

Contrary to the issues argued at trial and in the briefs of the attorneys, the question in this case is whether plaintiff, as the owner of forest land designated as such prior to January 1, 1968, had to make an application for such designation under ORS 321.618 in order to be entitled to forest land valuation in 1968-1969 under ORS 321.617.

■ The new ORS 321.618 places emphasis on the application requirement for owners who, *for the first time,* wish the assessment to be based upon the forest land classification. This interpretation of legislative intent comes to light when one looks to the amendments to House Bill 1539 (Or L 1967, ch 543, § 2(4)(a), now ORS 321.618(1)).

The pertinent language of House Bill 1539, with the amendments italicized, reads:

"(a) An owner of land desiring that it be designated as forest land shall make application to the county assessor [prior to March 1] *on or before April 1* following the assessment date on which the assessment based thereon is *first* desired,
\* \* \*."

If one reads the statute without the word "first," the interpretation would be that an owner of designated forest land had to make an application to the county assessor before assessment based upon such forest land classification would be available. However, in arriving at legislative intent in the enactment of a statute, effect should be given to every word, phrase and sentence of the statute if possible. *Kankkonen v. Hendrickson et al.,* 232 Or 49, 67, 374 P2d 393, 401 (1962). The court, in giving meaning to the word "first," finds that an application for the forest land designation was required only for those owners whose

lands did not have a forest land designation prior to 1968-1969 and desired for the first time that their lands be assessed under such designation.

■ The owner of forest land approved as such prior to 1968 whose designation has been removed by the assessor pursuant to subsection (1)(a)(D) of ORS 321.619 is protected by ORS 321.619 (1)(b), requiring specific notice, and by ORS 321.619 (2), the pertinent part of which reads:

> "A taxpayer whose application filed under ORS 321.618 has been denied in whole or in part, *or a taxpayer whose forest land has had the designation thereof removed in whole or in part,* may appeal to the Department of Revenue within the time and in the manner provided in ORS 306.520. * * *" (Emphasis supplied.)

The word "or" in the statute is disjunctive and provides for the situation with which the taxpayer is faced in this case. If ORS 321.618 (1) were interpreted to require an owner of designated forest land, approved prior to 1968, to make an application before assessment based on such classification could be obtained in 1968, then the second remedy provided in ORS 321.619 (2) would be surplusage because a remedy is specifically provided in the situation where the application filed under ORS 321.618 is denied. It is a rule of statutory construction that "[e]ach part or section of a statute should be construed in connection with every other part or section so as to produce a harmonious whole." *Cal-Roof Wholesale v. Tax Com.,* 242 Or 435, 443, 410 P2d 233, 237 (1966).

The assessor erred in using ORS 321.618 (4) and ORS 308.280 with regard to forest land previously approved for special assessment under the 1961 Act.

His determination should have been made pursuant to ORS 321.619 (1)(a)(D), with notice given as required by paragraph (b), subsection (1), of ORS 321.619.

ORS 306.520 provides in part that a taxpayer, who is aggrieved by an act of the county assessor which affects his property and where no other statutory remedy is available, may appeal to the Department of Revenue within six months after the act actually becomes known to the taxpayer. Plaintiff followed the proper procedure in appealing the action of the county assessor to the Department of Revenue and to the Tax Court under ORS 306.545.

The parties stipulated at trial that the subject property was qualified for a designation as forest land in the tax year 1968-1969. Order No. VL 69-372 is set aside and the assessor and tax collector shall correct the 1968-1969 roll to classify 315.14 acres of subject property as forest land and to take such other further steps as may be necessary to make the taxpayer whole.