IN THE OREGON TAX COURT
REGULAR DIVISION

SPROUL & SPROUL INC.,
*Plaintiff,*

*v.*

DESCHUTES COUNTY ASSESSOR,
*and*

DEPARTMENT OF REVENUE,
*Defendants.*

(TC 4734)

Mike Kilpatrick, Mt. Vernon, filed the complaint for Plaintiff (taxpayer).

Laurie E. Craghead, Assistant Legal Counsel, Deschutes County, filed the motion for Defendant (the county).

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, filed an answer for Defendant (the department).

Decision for Defendants rendered on August 17, 2005.

## HENRY C. BREITHAUPT, Judge.

This matter comes before the court on a motion to dismiss filed by Defendant Deschutes County Assessor (the county).[1] The county claims that under ORS 305.501(5)(a)[2] and Tax Court Rule - Magistrate Division (TCR-MD) 18 B the Complaint filed by Plaintiff (taxpayer) is untimely because it was filed more that 60 days after the magistrate entered his decision. Taxpayer did not file a response.

■　　On the issue of timely filing of appeals from the Magistrate Division to the Regular Division, as was the case here, ORS 305.501(5)(a) establishes a clear deadline of "60 days after the date of entry of the written decision [by the magistrate]." The magistrate filed and entered his decision on May 16, 2005, denying taxpayer's appeal for want of prosecution. Taxpayer appealed from that decision to the Regular Division in the form of a Complaint that was filed with the court on July 18, 2005,[3] more than 60 days after the magistrate rendered his decision; therefore, taxpayer's Complaint was not timely filed and must be dismissed.

■■　　This case presents the court an opportunity to make an additional observation in the area of timely filings and cases involving the mailing of certain documents. As noted, ORS 305.510(5)(a) mandates the filing of an appeal from a magistrate's decision within 60 days of the entry of that decision. In this case, the Magistrate Division mailed that decision to taxpayer. Although the rules of the court may provide for additional time after service by mail, e.g., Tax Court Rule (TCR) 10 B—those rules only apply after the appeal has been

---

[1] Defendant, Department of Revenue (the department), asserts as an affirmative defense a claim similar to that raised in the county's motion. The resolution of the county's motion addresses that affirmative defense. The department asserts in its second affirmative defense that Plaintiff failed to exhaust its relief in the Magistrate Division by not prosecuting its claims in that division. The court's resolution of the county's motion does not require the court to address the department's second affirmative defense.

[2] All references to the Oregon Revised Statutes (ORS) are to the 2003 edition.

[3] Taxpayer's Complaint was date stamped as filed on July 20, 2005; however, the date that taxpayer mailed the Complaint via the United States mail is indicated by a post-office cancellation mark of July 18, 2005. That latter date is the deemed date of filing. ORS 305.418.

filed. Moreover, the rules of this court cannot trump a statutory provision absent some other statutory authority or basis for doing so. None exists under the facts presented in this case. Now, therefore,

IT IS ORDERED that Plaintiff's Complaint is dismissed.