ORDER GRANTING DEFENDANT'S MOTION FOR AN ORDER DISMISSING PLAINTIFFS' COMPLAINT AND DENYING PLAINTIFFS' MOTIONS
 I. INTRODUCTION
This matter comes before the court on the Motion for an Order Dismissing Plaintiffs' Complaint of Defendant Department of Revenue (the department). Plaintiffs (taxpayers) did not file a response, but instead filed the following five motions: (1) Motion for an Order Granting Complaint and Waiver of Any Court Costs Incurred by the Defendant and/or Collecting from the Plaintiffs, (2) Motion for Granting Return of Plaintiff's Kicker Check, (3) Motion for an Order Granting Plaintiff's Complaint and Brief Statement of Thu Nguyen, (4) Motion for an Order Granting Plaintiff's Complaint for Filing in Regular Court, and (5) Motion for an Order Granting Plaintiff's Financial Hardship 2002 Taxes Complaint. The department responded to those motions on January 15, 2008, and taxpayers submitted additional information by letters on January 28 and 29, 2008. *Page 2 
 II. FACTS
Taxpayers originally filed an appeal in the Magistrate Division of this court. On February 20, 2007, taxpayers filed a written statement with the Magistrate Division that stated that they were cancelling a scheduled case management conference and that they did not intend to reschedule. (Magistrate Division J of Dismissal at 1.) The Magistrate Division interpreted that statement as a voluntary withdrawal and issued a document entitled "Judgment of Dismissal" on February 26, 2007. (Id.) Taxpayers then filed an appeal of their 2002 taxes in the Regular Division on August 21, 2007. (Ptfs' Compl at 1.) Taxpayers filed a request for waiver of the filing fee and a motion to stay the payment of taxes along with their complaint. The department made no objection to the motion for waiver of the fee and stay of payment, and the court granted both requests.
 III. ISSUE
Should taxpayers' appeal be dismissed?
 IV. ANALYSIS
The department asserts that taxpayers' complaint should be dismissed because (1) judgments of the Magistrate Division may not be appealed pursuant to ORS 305.501(7)[1] and (2) even if the judgment could be appealed, taxpayers did not timely make that appeal to the Regular Division pursuant to ORS 305.501(5). Taxpayers did not respond directly to those assertions, but instead make numerous substantive arguments in their various motions. *Page 3 
Before the court can consider any substantive arguments, it must first determine whether it can hear the appeal under ORS 305.501. That statute provides both that judgments of the Magistrate Division cannot be appealed, and that decisions of the Magistrate Division may be appealed by filing a complaint in the Regular Division of the Tax Court. ORS305.501. An appeal to the Regular Division must be made 60 days from the date of entry of the Magistrate Division decision. ORS 305.501(5)(a). A complaint not filed within the 60-day period must be dismissed.Sproul Sproul Inc. v. Deschutes Co. Assessor, 18 OTR 321, 322 (2005).
The document entered in the Magistrate Division on February 26, 2007, and from which taxpayers appeal, was either a judgment or a decision. If it was a judgment, taxpayers are barred from appealing it to the Regular Division. ORS 305.501(7). If it was a decision, taxpayers could have appealed it to the Regular Division, but only had 60 days to do so. ORS305.501(5)(a). Here, taxpayers filed their appeal on August 21, 2007, well beyond the statutorily prescribed deadline of 60 days. Accordingly, the appeal must be dismissed. Because the taxpayers are barred from appealing the determination of the magistrate, the court cannot consider whether the Magistrate Division correctly interpreted taxpayers' written statement of February 20, 2007, as a voluntary dismissal and issued the "Judgment of Dismissal" in error. In addition, the court cannot consider taxpayers' motions.
 V. CONCLUSION
Taxpayers' appeal is time-barred under ORS 305.501 and, therefore, must be dismissed. Now, therefore, *Page 4 
IT IS ORDERED that Defendant's Motion for an Order Dismissing Plaintiffs' Complaint is granted;
IT IS FURTHER ORDERED that Plaintiffs' Motion for an Order Granting Complaint and Waiver of Any Court Costs Incurred by the Defendant and/or Collecting from the Plaintiffs is denied;
IT IS FURTHER ORDERED that Plaintiffs' Motion for Granting Return of Plaintiff's Kicker Check is denied;
IT IS FURTHER ORDERED that Plaintiffs' Motion for an Order Granting Plaintiff's Complaint and Brief Statement of Thu Nguyen is denied;
IT IS FURTHER ORDERED that Plaintiffs' Motion for an Order Granting Plaintiff's Complaint for Filing in Regular Court is denied; and
IT IS FURTHER ORDERED that Plaintiffs' Motion for an Order Granting Plaintiff's Financial Hardship 2002 Taxes Complaint is denied.
THIS DOCUMENT WAS SIGNED BY JUDGE HENRY C. BREITHAUPT ON JANUARY 30,2008, AND FILE STAMPED ON THE SAME DAY.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2005 version.