404          December 21, 2011          No. 48

IN THE OREGON TAX COURT
REGULAR DIVISION

DEPARTMENT OF REVENUE,
*Plaintiff,*

*v.*

AMERICAN HONDA MOTOR CO. INC.,
*Defendant.*

(TC 5038)

Plaintiff (the department) appealed a Magistrate Division decision. Defendant (taxpayer) moved to dismiss the department's complaint on the grounds that it was time-barred because the department had failed to timely and properly serve the complaint within the statutory time period. Following oral argument, in granting taxpayer's motion to dismiss, the court ruled that the department had not properly served the complaint within the statutory time period and that the appeal was dismissed.

Oral argument on Defendant's Motion to Dismiss was held December 20, 2011, in the courtroom of the Oregon Tax Court, Salem

Marilyn J. Harbur, Senior Assistant Attorney General, Department of Justice, Salem, filed the response and argued the cause for Plaintiff.

John H. Gadon, Lane Powell PC, Portland, filed the motion and argued the cause for Defendant.

Decision for Defendant rendered December 21, 2011.

**HENRY C. BREITHAUPT, Judge.**

## I.   INTRODUCTION

This case is before the court on the motion of Defendant (taxpayer) to dismiss the appeal. The basis for the motion is that service of process upon taxpayer was not completed within the time allowed by ORS 305.560(3).

## II.   FACTS

The facts are not disputed and are these:

(1)   The decision of the magistrate appealed in this case was entered on August 10, 2011.

(2)   The time for filing an appeal pursuant to ORS 305.501(5) was 60 days and expired on Sunday, October 9, 2011.

(3)   Pursuant to ORS 174.120, the date for filing the complaint with the court was extended to the next business day, October 10, 2011.

(4)   Plaintiff (department) filed the complaint with the court on October 10, 2011.

(5)   ORS 305.560(3) required the department to serve the complaint upon taxpayer within the 60 day period for filing with the court. Therefore, service was required to be made on or before October 10, 2011.

(6)   ORS 305.560(3) requires that service of the complaint upon taxpayer be done by certified mail.

(7)   On October 10, 2011, the department discovered that the United States Post Office was closed, as it had been for over 40 years, by reason of that day being a federal holiday, to wit, Columbus Day.

(8)   Columbus Day is not a holiday in Oregon pursuant to ORS 187.010.

(9)   Faced with this situation, the department faxed a copy of the complaint to the person who had been counsel for taxpayer in the Magistrate Division, a person who was, in any case, not authorized to accept service of process for taxpayer.

(10) The department also delivered a copy of the complaint to the office of the registered agent of taxpayer, but the delivery was not accomplished during regular business hours of that agent.

(11) The complaint was not mailed through the United States Postal Service until October 11, 2011.

## III.   ISSUE

The issue for decision is whether the appeal should be dismissed by reason of the fact that service of process was not accomplished within the time allowed by statute.

## IV. ANALYSIS

The time limit for service of process is mandated by ORS 305.560(3).[1] The legislature did not provide any rules relaxing that requirement in the case of appeals to the Regular Division. The legislature knows how to provide such relaxation rules when it wishes to do so. ORS 12.020 provides that service of process, if accomplished within 60 days of the filing of the complaint, relates back to the date of filing for purposes of determining whether the action has been commenced within the statute of limitations. ORS 12.220 provides further extension in the case of certain involuntary dismissals of actions where the defendant had actual notice of the original filing within 60 days of the filing of the original action.

The department argues that Tax Court Rule (TCR) 10 provides relief to it in this case for the reason that the rule provides an extension in the case where the Post Office is closed unexpectedly. The department also argues that the closure in this case was unexpected to it. This position is not well taken. An unexpected closing might add time for filing of the complaint and therefore additional time for service because ORS 305.560(3) ties the service time requirement to the filing requirement. However, the court cannot conclude that the closure of the Post Office on Columbus Day was unexpected. That determination must be made objectively and not based on the subjective knowledge of the department. In this regard, the record indicates that this postal holiday has been established for over 40 years and notice of the closure was publicly available. This closure was not unexpected. Nor is there any statutory relaxation rule invoked by the department similar to ORS 12.020(2).

The department next asks the court to provide relief to it pursuant to TCR 12 B. That rule provides: "[t]he court shall, in every stage of an action, disregard any error, defect, or omission in the pleadings or proceedings which does not affect the substantial rights of the adverse party."

The court cannot base a relaxation of a statutory requirement on TCR 12 B. The rules of the Tax Court, adopted

---

[1] All references to the Oregon Revised Statutes (ORS) are to the 2009 edition.

by the court itself pursuant to ORS 305.425(3), do not have the statutory status of the Oregon Rules of Civil Procedure (ORCP). Even if they did, Oregon courts have been clear that the provisions of ORCP 12 B cannot serve to relax the rules on service of process. *See Murphy v. Price*, 131 Or App 693, 699, 886 P2d 1047 (1994) (holding that service in accordance with the relevant rules and statutes is itself a "substantial right" for purposes of ORCP 12 B). One prong of the department's argument in this regard is that taxpayer had actual notice of the filing of the complaint and that should suffice. However, in cases where the legislature has considered actual notice to be a basis for the relaxation of time requirements, it has so provided. *See* ORS 12.220.

## V. CONCLUSION

On numerous occasions this court has granted motions to dismiss made by the department or by county assessors in situations where taxpayers, as the appealing parties, have failed to strictly comply with time limits or other requirements that mandate action at or before the time for filing of a complaint. *See*, *e.g.*, *Sproul & Sproul, Inc. v. Deschutes County Assessor*, 18 OTR 321 (2005). Here the department was faced with a statutory mandate and did not satisfy that mandate. Its appeal must be dismissed. Now, therefore,

IT IS ORDERED that Defendant's motion to dismiss is granted.