552          July 30, 2012          No. 61

IN THE OREGON TAX COURT
REGULAR DIVISION

Alfred FAIRBANKS,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE
and Lake County Assessor,
*Defendants.*

(TC 5087)

Plaintiff (taxpayer) appealed from a Magistrate Division decision of dismissal. Defendant (the department) moved for dismissal and summary judgment on the grounds that taxpayer was admittedly time-barred, there were no disputed material facts and that the department was entitled to prevail as a matter of law. Granting the department's motion, the court ruled that as taxpayer's complaint was not timely filed, the court had no jurisdiction to grant taxpayer's requested relief.

Submitted on Defendant's motion for summary judgment.

Alfred Fairbanks, Plaintiff (taxpayer), filed a response *pro se*.

Melisse S. Cunningham, Senior Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant (the department).

Decision for Defendant rendered July 30, 2012.

**HENRY C. BREITHAUPT, Judge.**

This matter comes before the court on the motion for summary judgment filed by Defendant Department of Revenue (the department). Plaintiff (taxpayer) has submitted a writing to the court urging the court to deny the motion.

The record clearly indicates, and taxpayer does not deny, that taxpayer's appeal to the Magistrate Division of the court was untimely. Taxpayer strenuously asserts, however, that he should not be barred from litigating the merits of the case and demonstrating the error in the actions of the county assessor.

This court has no authority to hear a dispute and grant relief to a plaintiff unless the plaintiff complies with the time limits set by the legislature for the filing of a complaint. These time rules apply and have been enforced against both taxpayers and against the government. *See Dept. of Rev. v. American Honda Motor Co.*, 20 OTR 404 (2011).

The legislature has provided no exception that lengthens the time period for filing a complaint depending on the strength of the position of the plaintiff. The court cannot provide any exception on its own.

The motion of the department is granted. Counsel for Defendant is directed to prepare an appropriate form of judgment. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted.