IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

VERMILION FILMS LLC,                    )
IRENE TAYLOR BRODSKY,                    )
and MATTHEW BRODSKY,                     )
                                        )
            Plaintiffs,                 )    TC-MD 150450C
                                        )
      v.                                )
                                        )
DEPARTMENT OF REVENUE,                   )
State of Oregon,                        )
                                        )
                                        )
            Defendant.                  )    **FINAL DECISION OF DISMISSAL**

     This Final Decision of Dismissal incorporates without change the court's Decision of

Dismissal, entered March 30, 2016.  The court did not receive a statement of costs and

disbursements within 14 days after its Decision of Dismissal was entered.  *See*

TCR-MD 16 C(1).

     This matter came before the court on Defendant's Motion to Dismiss (Motion), filed

November 9, 2015, on the ground that Plaintiffs failed to appeal within the 90 days required by

ORS 305.280.[1]  Plaintiffs filed a written response to Defendant's Motion on January 19, 2016.

An oral argument was held by telephone on February 24, 2016.  Timothy Miller (Miller),

licensed tax consultant, appeared on behalf of Plaintiffs.  Nancy Berwick (Berwick), tax auditor,

appeared on behalf of Defendant.  Defendant filed its Response to Motion(s) on March 8, 2016.

Plaintiffs' Supplemental Response Memo was filed March 11, 2016.  This matter is now ready

for the court's determination.

/ / /

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

A review of Plaintiffs' Complaint shows a Conference Decision Letter regarding the S-Corporation Vermilion Films Inc. was mailed on July 14, 2015. (Compl at 4.) A letter to Plaintiffs Matthew A. Brodsky and Irene T. Brodsky was also mailed on July 14, 2015. (*Id.* at 8.) That letter states, in part, "[t]he revised tax is now assessed, and the current amount of tax, penalties and interest are shown on the Notice of Deficiency Assessment sent under separate cover. Please see the Notice of Deficiency Assessment for instructions on how to appeal an assessment to the Oregon Tax Court." (*Id.*) Plaintiffs did not attach a copy of the Notice of Deficiency Assessment (Notice) to their Complaint. Defendant subsequently provided a copy of the Notice, and it was dated July 14, 2015. (Def's Resp to Mot at 3.) Plaintiffs' Complaint was received on October 16, 2015, and postmarked on October 15, 2015. Plaintiffs' Complaint was signed by their representative on October 16, 2015. (Compl at 3.) No explanation for that discrepancy was provided by Plaintiffs.

During the oral argument, Miller stated that Plaintiffs object to Defendant's Motion because Defendant did not identify a specific subsection of ORS 305.280 and because Plaintiffs are concerned that Defendant is relying upon parts of subsections (1) and (2). (*See also* Ptfs' Resp at 1.) Berwick confirmed at the oral argument that the Motion is based upon ORS 305.280(2). She stated that Plaintiffs have not paid the tax due, as shown on the Notice, so they are not entitled to the two-year time to appeal under ORS 305.280(3).[2]

In their Supplemental Response Memo, Plaintiffs argue that ORS 305.280(2) is "irrelevant to Defendants claim" and, therefore, does not apply to them. (Ptfs' Mem at 2.) Plaintiffs further argue that Defendant "fail[ed] to state a claim with legal and evidentiary

---

[2] ORS 305.280(3) states, "[n]otwithstanding subsection (2) of this section, an appeal from a notice of assessment of taxes imposed under ORS chapter 314, 316, 317, or 318 may be filed within two years after the date the amount of tax, as shown on the notice and including appropriate penalties and interest, is paid."

substance sufficient to enable a reasonable person to respond." (*Id.*) Finally, plaintiffs argue that dismissing their appeal would be an "inequitable result." (*Id.*)

A.  *Adequate Notice of Basis for Defendant's Motion*

Plaintiffs argue that Defendant's Motion "fail[ed] to state a claim with legal and evidentiary substance sufficient to enable a reasonable person to respond." (Ptfs' Mem at 2.) Plaintiffs previously made this argument in their response to Defendant's Motion and at oral argument. (*See* Ptfs' Resp at 1.)

The court understands Plaintiffs' argument to be that Defendant's Motion is too indefinite or uncertain for Plaintiffs to respond. Pursuant to Tax Court Rule-Magistrate Division (TCR-MD) 7 A, a motion "must state the reasons and authorities for the motion and the relief requested." If an opposing party considers a motion to be "so indefinite or uncertain that the precise nature of the charge, defense or reply is not apparent[,]" then the opposing party may file a motion to make more definite and certain. Tax Court Rule 21 D. If the court grants a motion to make more definite and certain, then the court permits the moving party to amend its pleading. *See id.*

Defendant's Motion states:

"The taxpayer is beyond the statute for appealing. Ninety days are allowed to appeal to Magistrate Court following an assessment. The plaintiff has appealed beyond the 90 days allowed. The deficiency assessed on July 14, 2015 following the decision made by the conference officer. The ninetieth day following July 14, 2015 is October 12, 2015. The Plaintiff's appeal was received in the Magistrate Division on October 16, 2015. In other words, it was received on the 94[th] day following the assessment, several days beyond the time allowed by statute."

(Def's Mot at 1.) Defendant's Motion identifies the legal authority as "ORS 305.280." (*Id.*)

It is clear from Defendant's Motion that the basis for dismissal is that the appeal was not commenced within the time limited by statute. Defendant identified the applicable statute (ORS

305.280) and identified the time for appeal in that statute (90 days from the assessment). Defendant identified facts showing that Plaintiffs' appeal was untimely by identifying the date of the Notice (July 14, 2015) and the date Plaintiffs' Complaint was filed (October 16, 2015). Although Defendant's Motion did not identify the specific subsection of ORS 305.280 that Defendant relied upon, Defendant subsequently identified that subsection and Plaintiffs were allowed the opportunity to file a supplemental response, which they did.

The court finds that Defendant's Motion was sufficiently definite and certain for Plaintiffs to understand the legal and factual basis for the Motion. Furthermore, Plaintiffs received two opportunities to respond in writing to the Motion, and an opportunity to respond orally to the Motion.

B. *Application of ORS 305.280(2)*

ORS 305.280(2) provides the applicable deadline to appeal from a Notice of Deficiency Assessment issued by the Department of Revenue:

> "An appeal under ORS 323.416 or 323.623 or from any notice of assessment or refund denial issued by the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318, 321 or this chapter, or collected pursuant to ORS 305.620, *shall be filed within 90 days after the date of the notice*. An appeal from a proposed adjustment under ORS 305.270 shall be filed within 90 days after the date the notice of adjustment is final."

(Emphasis added.) A Complaint is deemed filed as of its postmark date. ORS 305.418(1).

Plaintiffs appeal from an assessment of additional personal income tax for the 2011 tax year. (*See generally* Compl.) Oregon personal income tax is imposed pursuant to ORS chapter 316. *See* ORS 316.037(1) (imposing a personal income tax on "every resident of this state"). ORS chapter 316 is specifically referenced in ORS 305.280(2). Thus, the court concludes that the Notice at issue in this case is one from which an appeal must be filed within 90 days from the date of the Notice. ORS 305.280(2).

FINAL DECISION OF DISMISSAL  TC-MD 150450C                                    4

Plaintiffs' 90-day deadline to appeal from the July 14, 2015, Notice fell upon October 12, 2015.[3] Plaintiffs' Complaint was deemed filed October 15, 2015, the date that it was postmarked. That is three days beyond the statutory deadline for appeal. Plaintiffs' appeal was not timely filed under ORS 305.280(2). The court is not aware of any circumstances that extend the statutory limit of 90 days. Defendant's Motion to Dismiss is granted. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted. Plaintiffs' Complaint is dismissed.

Dated this ____ day of April 2016.


_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal , file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on April 19, 2016.*

---

[3] October 12, 2015, is a federal holiday, Columbus Day, but it is not an Oregon holiday. *See Dept. of Rev. v. American Honda Motor Co., Inc.*, 20 OTR 404, 405 (2011). Thus, even if the US Post Office was closed October 12, 2015, the court concludes that closure does not extend Plaintiffs' filing deadline. *See id.*