IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| DAMON BURNS and JENNIE BURNS, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 170053G |
| | ) | |
| v. | ) | |
| | ) | |
| MULTNOMAH COUNTY ASSESSOR, | ) | |
| | ) | **ORDER GRANTING DEFENDANT'S** |
| Defendant. | ) | **MOTION TO DISMISS** |

This matter came before the court on Defendant's motion to dismiss for untimeliness.

## I. PROCEDURAL HISTORY

Defendant sent notice to Plaintiffs that, on November 4, 2016, it had added the value of omitted property to its assessment of account R183766 for the 2015–16 tax year. Defendant's notice to Plaintiffs stated, "If you disagree with the amount of the assessment, you have the right to appeal to the Magistrate Division of the Oregon Tax Court within 90 days after the correction to the roll was made." Plaintiffs filed their Complaint with the court in an envelope postmarked February 3, 2017, the 91st day thereafter. Defendant moved to dismiss the Complaint as untimely filed.

At the case management conference and in a subsequent letter, Plaintiffs alleged that they had received information about their filing deadline from a member of the court's staff. In his letter, Plaintiff Damon Burns stated that he had called the court on February 2, 2017, after receiving advice from an attorney.

> "I called Magistrate division because A attorney told me my rights as it belongs to our case. So when I called I knew deadline of 90 days was approaching. *I asked how do they count the 90 days, is it weekends included or how is it counted.* Magistrate informed me that if the tax roll was Nov 4, 2016 I had to Feb 4, 2016 to file. I then asked again because It was Feb 2, when I called. I said If I mail it in it wont make it in time. I was told to mail it in and get it post marked as long

as its marked before or on the Feb 4th it would be filed in time.  So I said I would mail it the next day on Feb 3, and have it post marked.  Magistrate that would be in time."

(Emphasis, capitalization, punctuation, and word omissions in original.)  The court has not received testimony or made a finding as to the credibility of Plaintiffs' allegations; for the purpose of deciding Defendant's motion to dismiss the court will treat Plaintiffs' allegations as true.

At the case management conference, Defendant stated that it would be willing to proceed with the case if Plaintiffs had received misleading information from court staff.  However, in a subsequent letter Defendant clarified that, although it would acquiesce if the court were to apply the doctrine of estoppel, it had not withdrawn its motion to dismiss.

## II.  ANALYSIS

The issue is whether to grant Defendant's motion to dismiss as untimely.  The court considers Plaintiffs' statutory right of appeal under ORS 311.223(4), the application of equitable estoppel, and the court's jurisdiction under ORS 305.288.

A.      *ORS 311.223(4)*

Taxpayers aggrieved by an omitted property assessment may appeal to this court by filing a complaint "within 90 days after the correction of the roll."  ORS 311.223(4).[1]  A complaint transmitted through the United States mail is deemed filed with this court "on the date shown by the post-office cancellation mark stamped upon the envelope containing it[.]"  ORS 305.418.

The court may consider an untimely appeal where the defendant does not assert untimeliness as a defense.  *See* ORS 305.425(2) (time for bringing proceedings in Oregon Tax Court not jurisdictional); TCR 21 G(2) (defense of untimeliness waived if not raised by

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

defendant).[2]  Where a defendant does assert untimeliness, the court enforces statutory time limits strictly—no matter whether the untimely party is the taxpayer or the taxing authority.  *See*, *e.g.*, *Sproul & Sproul Inc. v. Deschutes County Assessor*, 18 OTR 321 (2005) (dismissing taxpayer complaint postmarked next business day after deadline); *Dept. of Rev. v. American Honda Motor Co., Inc.*, 20 OTR 404 (2011) (dismissing Department of Revenue complaint served one day late).

Here, Defendant moved to dismiss for untimeliness.  The roll was corrected on November 4, 2016, and Plaintiffs' right to appeal under ORS 311.223(4) extended through February 2, 2017, the 90th day thereafter.  The envelope containing Plaintiffs' Complaint was postmarked February 3, 2017.  Plaintiffs had no remaining statutory right to appeal when their Complaint was filed.

B.      *Equitable Considerations*

The court next considers whether, if Plaintiffs received misleading information from court staff, it would be authorized to set aside the statute of limitations for equitable reasons.

In some cases where a taxpayer has missed a deadline because of misleading conduct by a taxing authority, the court applies the doctrine of equitable estoppel to prevent the misleading party from asserting untimeliness.  *See*, *e.g.*, *Schellin v. Dept. of Rev.*, 15 OTR 126, 135 (2000) (estopping defendant from asserting untimeliness of appeal where assessor's notice was ambiguous); *Johnson v. Commission*, 2 OTR 504 (1967), *aff'd*, 248 Or 460, 435 P2d 302 (1967) (estopping assessor from denying late exemption application where taxpayer had no knowledge of changed filing deadline and relied on assessor's misleading printed advice).

/ / /

---

[2] The Tax Court Rules (TCR) are used for guidance in the Magistrate Division to extent relevant.  *See* Preface, Tax Court Rules – Magistrate Division (TCR–MD).

However, a case where a taxpayer is misled by someone other than a taxing authority is a different matter. The remedy of estoppel is imposed by courts to prevent parties from taking advantage of their own wrongdoing. *Johnson*, 2 OTR at 506. Where the misleading information was provided by someone other than a party to the lawsuit, the doctrine of equitable estoppel does not apply. Even where misleading information was provided by a state agency, estoppel cannot thereby apply against another state agency that performs a different function. *Davidson v. Oregon Government Ethics Comm.*, 300 Or 415, 423, 712 P2d 87 (1985); *Patton I v. Dept. of Rev.*, 18 OTR 111, 121 (2004).

Here, there is no allegation that Defendant engaged in misleading conduct and therefore no justification for estopping Defendant from raising the statute of limitations as a defense.

In nontax contexts, other courts sometimes apply equitable tolling to set aside statutory deadlines. Equitable tolling, if it were applicable in a tax context, would work to "set aside statutory deadlines when a taxpayer misses those deadlines for reasons personal to the taxpayer." *Webb v. Dept. of Rev.*, 18 OTR 381, 384 n 3 (2005). However, the need for finality in income tax matters has caused this court to view statutes of limitations as "an almost indispensable element of fairness as well as of practical administration." *Multistate Tax Com. v. Dow Chemical Co.*, 9 OTR 272, 279 (1982) (quoting *Rothensies v. Elec. Storage Battery Co.*, 329 US 296, 301 (1946)). This court has therefore rejected equitable tolling in multiple tax contexts where there is no ground for estoppel: "This court should not read into statutes of limitation an exception which has not been embodied therein by the legislature unless some major failure by government, creating an estoppel by conduct, is established." *Id.* (corporation excise tax); *see also DeArmond v. Dept. of Rev.*, 14 OTR 112, 117 (1997) (personal income tax). The court's

/ / /

reasoning applies equally well to property tax matters. Equitable tolling is not available in this court.

C.     *ORS 305.288*

Under limited circumstances, this court has jurisdiction to order corrections to the current and two preceding tax rolls even where a taxpayer's normal right of appeal has lapsed. Those circumstances are (1) where the court finds "good and sufficient cause" for the taxpayer's failure to appeal timely and (2) where the tax roll overstates a dwelling's value by at least 20 percent. ORS 305.288(3),(1).

1.     *Good and sufficient cause*

"Good and sufficient cause" is defined by ORS 305.288(5)(b):

" 'Good and sufficient cause':

"(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and

"(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."

Thus, for purposes of the court's jurisdiction, no circumstance is "good and sufficient cause" unless it actually causes the taxpayer to fail to pursue the right of appeal. Furthermore, misleading information is never "good and sufficient cause" unless the one providing the information was an "authorized tax official."

To determine whether misleading information provided by court staff may constitute good and sufficient cause under ORS 305.288(3), the court must determine whether a member of the court's staff is an "authorized tax official."

/ / /

What is an authorized tax official? In interpreting a statute, "words of common usage typically should be given their plain, natural, and ordinary meaning." *PGE v. Bureau of Labor & Indus.*, 317 Or 606, 611, 859 P2d 1143, 1146 (1993). An "official" is defined as "a person authorized to act for a government, corporation, organization, or for another person [especially] in administering or directing in a subordinate capacity." *Webster's Third New Int'l Dictionary* 1567 (unabridged ed 2002). A tax official, then, is a person authorized to administer the tax functions of the government.

Who is authorized to administer the tax functions of the State of Oregon? The Legislative Assembly expressly intended "to place in the Department of Revenue and its director the administration of the revenue and tax laws of this state, except as specifically otherwise provided in such laws." ORS 305.015. County assessors are charged with assessing property taxes under general supervision and control by the Department of Revenue. ORS 308.210; 306.115. The Department of Revenue is itself under the supervision of a director who holds office "at the pleasure of the Governor." ORS 305.035(1). The Governor is the "cheif [*sic*] executive power of the State[.]" Or Const, Art V, § 1.

The administration of the tax laws has thus been placed in the executive branch of state government. The powers of government in Oregon are divided into three separate branches: "the Legislative, the Executive, including the administrative, and the Judicial[.]" Or Const, Art III, § 1. Barring an express provision in the Constitution, "no person charged with official duties under one of these branches, shall exercise any of the functions of another[.]" *Id*.

The Oregon Tax Court is "part of the judicial branch of state government[.]" ORS 305.405. The court and its staff are therefore constitutionally prohibited from exercising the functions of the executive branch. *See* Or Const, Art III, § 1. The court's judicial authority

over questions arising under the tax laws is not the same as the Department of Revenue's executive authority to administer the tax laws. A member of the court's staff therefore is not a "tax official."

Because court staff members are not authorized tax officials, misleading advice provided by them is excluded from the definition of "good and sufficient cause" by ORS 305.288(5)(b). Therefore, Plaintiffs have not alleged facts sufficient to give the court jurisdiction under ORS 305.288(3).

2.      *Substantial value error*

This court also has jurisdiction where the real market value of a dwelling differs by at least 20 percent from the real market value assigned to it on the assessment and tax roll. ORS 305.288(1).

In this present case, Plaintiffs' Amended Complaint requests the following relief: "Dismiss all taxes, and return any filing fees. (Taxes for 2015 & filing fees.)" Plaintiffs' Amended Complaint does not allege either a requested 2015–16 real market value for the subject property or the real market value currently on the 2015–16 assessment and tax roll. Accordingly, the court cannot determine whether it has jurisdiction under ORS 305.288(1).

Defendant's motion to dismiss is well taken. Plaintiffs' appeal of Defendant's omitted property notice is untimely and will not be considered by the court.

Under Tax Court Rule (TCR) 21 A,[3] this court may, upon granting a motion to dismiss, "grant leave to file an amended complaint." Considering the circumstances of this case, the court grants leave to Plaintiffs to amend their complaint to state the current 2015–16 tax roll value and their requested real market value for tax year 2015–16. If Plaintiffs amend their

---

[3] Provisions of the Tax Court Rules are made applicable by the Preface of the Tax Court – Magistrate Division Rules.

complaint in that way, the court will determine whether it has jurisdiction to consider the 2015–16 tax roll value. No other amendments to Plaintiffs' complaint are authorized by this order. If an amended complaint is not received within 14 days from the date of this order, the court will dismiss Plaintiffs' appeal.

## III. CONCLUSION

The court concludes Plaintiffs' Complaint was untimely filed and that there was no alleged misconduct of Defendant to justify estopping it from asserting a defense of untimeliness. Plaintiffs did not allege a requested real market value and are given leave to file an amended complaint for that purpose. Now, therefore,

IT IS THE ORDERED that Defendant's motion to dismiss is granted.

IT IS FURTHER ORDERED that Plaintiffs are granted leave to file a second amended complaint stating current and requested 2015–16 tax roll real market values. If an amended complaint is not received within 14 days from the date of this order, the court will dismiss Plaintiffs' appeal.

Dated this ___ day of May, 2017.

POUL F. LUNDGREN
MAGISTRATE

*This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.*

*This document was filed and entered on May 23, 2017.*