No. 22 November 20, 2019 509

IN THE OREGON TAX COURT
REGULAR DIVISION

Usman MUGHAL
and Zahara S. Baloch,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon, and
Multhomah County Assessor,
*Defendants.*

(TC 5391)

Plaintiffs (taxpayers) filed their complaint in the Regular Division one day late. On a motion to dismiss, the court determined that taxpayers did not qualify for an additional three days to file under Tax Court Rule (TCR) 10 B because the rule does not apply to "the initial filing of an appeal." The court rejected taxpayers' other arguments.

Submitted on Defendants' Motions to Dismiss.

Michael J. Mangan, Attorney at Law, Portland, filed a response for Plaintiffs.

James C. Wallace, Senior Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant Department of Revenue.

Carlos A. Rasch, Assistant Multnomah County Counsel, Portland, filed a motion and joinder for Defendant Multnomah County Assessor.

Decision for Defendants rendered November 20, 2019.

**ROBERT T. MANICKE, Judge.**

This matter comes before the court on Defendants' motions to dismiss and Plaintiffs' response to the motions. Defendant Department of Revenue (the department) has moved to dismiss the complaint of Plaintiffs (taxpayers) as untimely. Defendant Multnomah County Assessor joined the department's motion. Taxpayers do not contest that they filed their complaint one day after the 60th day following the magistrate's entry of the final decision. *See* ORS 305.501(5)(a)

(complaint must be filed "within 60 days after the date of entry of the [magistrate's] written decision"); *e.g.*, *Gregg v. Dept. of Rev.*, TC 5319, WL 1976030 (Or Tax Apr 26, 2018) (dismissing complaint filed on 61st day). Taxpayers assert that they inadvertently misread Tax Court Rule (TCR) 10 B as allowing them an additional three days to file their complaint.[1] Although TCR 10 B does generally extend filing deadlines by three days after service, the first words of the rule plainly state that the rule does not apply to complaints. *See* TCR 10 B ("Except for service of summons or the initial filing of an appeal *** .") . Taxpayers acknowledge that their facts are materially identical to those in *Sproul & Sproul, Inc. v. Deschutes County Assessor*, 18 OTR 321 (2005), but taxpayers ask the court to overturn that decision by allowing the three-day extension to apply to their complaint. The court declines to do so, as the deadline for filing a complaint was set by an act of the legislature, unlike deadlines imposed by the court's own rules, to which TCR 10 B generally applies. *See id.* at 323 ("Moreover, the rules of this court cannot trump a statutory provision absent some other statutory authority or basis for doing so.").

Finally, taxpayers state that they believe their case qualifies for late-filing relief and a correction to their property's real market value under ORS 305.288(1),[2] and that they remain entitled to seek that relief in the Magistrate Division. They ask this Division to hear that claim now. But the Regular Division is not authorized to allow taxpayers to "skip a step" by proceeding first in the Regular Division under ORS 305.288. ORS 305.501(1) states that "an appeal to the tax court shall be heard by a tax court magistrate unless specially designated by the tax court judge for hearing in the regular division." The Regular Division rules provide for special designation in two circumstances:

---

[1] Taxpayers' response to the department's motion to dismiss explains the facts as between taxpayers and their counsel as follows: "Prior to obtaining representation, Plaintiffs believed that they had until September 27, 2019 to appeal the Magistrate's Decision. The basis for their belief is taxpayers' own interpretation of *** TCR 10B. They believed the additional three days applied to the Magistrate's decision. They asked counsel to file this appeal on September 25, 2019."

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

when authorized by a specific statute,[3] or when an appeal already is "pending in the Magistrate Division." *See* TCR 1 C. Neither of those circumstances are present here. After reviewing the motions and response and being fully advised of the premises, the court finds that such request should be granted. Now, therefore,

IT IS ORDERED that Defendants' motions to dismiss are granted.

---

[3] Examples of such statutes include the Uniform Declaratory Judgments Act (ORS chapter 28) or the provisions governing writs of mandamus (ORS 34.120(2)).